**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**
**PITTSBURGH, PA CIVIL DIVISION**

**Gerald J. IWANEJKO, Jr.**;
**Gerald J. IWANEJKO, Sr.**; and
**Patricia IWANEJKO**

      Plaintiffs

                                        **C.A. No. 03-1855**

**v.**                                **Judge Terrence F. McVerry**
**JURY TRIAL DEMANDED**

**COHEN & GRIGSBY, P.C.**;
**The City of PITTSBURGH, PA**;
**Pittsburgh Police Officers James L. AKER**, **Donald SAVKO**
and **Joseph NICHOLAS**;
**WESTERN PSYCHIATRIC INSTITUTE AND CLINIC**; and
**Dr. Lawson BERNSTEIN, M.D., P.C.**

      Defendants

## PLAINTIFFS' MOTION FOR PROTECTIVE ORDER IN OPPOSITION TO MOTION TO COMPEL PRODUCTION OF DOCUMENTS, MOTION TO COMPEL DISCOVERY AND FOR OTHER RELIEF

      Plaintiff(s), by and through their undersigned counsel, hereby respectfully submit their Opposition to the MOTION TO COMPEL PRODUCTION OF DOCUMENTS DIRECTED TO PLAINTIFF filed by Defendant Cohen & Grigsby, P.C. ("C&G")(Court Case Document No. 84), pursuant to Fed.R.Civ.P. 15, 26, 33, 34 & 37 and W.D.Pa.L.R. 7.1, 8.1, 37.1 & 37.2 and the CASE MANAGEMENT/SCHEDULING ORDER dated April 4, 2005; seeking a protective order requiring entry of the attached STIPULATION OF CONFIDENTIALITY (Exhibit "A" hereto), and seeking disclosure of information requested of Defendants which has not been produced pursuant to the foregoing Federal Rules of Civil Procedure, and seeking other relief (including further amendment of the AMENDED COMPLAINT) as necessary.  For the reasons set forth herein, Plaintiffs respectfully request that the Court GRANT the present motion and all of the relief requested herein.

## I.    Motion For Entry of STIPULATION AND PROTECTIVE ORDER

1.      At the Court status conference held on April 1, 2005, Plaintiff(s) indicated their intent to withhold production of confidential medical information pertaining to the involuntary commitment and subsequent psychiatric treatment of Plaintiff Gerald J. IWANEJKO, Jr., unless and until an appropriate protective order is consented to by all parties and/or entered by the Court that preserves the confidential status accorded to such information under the Pennsylvania Mental Health Procedures Act (MHPA).  See 50 P.S § 7111.  Plaintiffs also indicated their intent to disclose this information once such a protective order is entered, which continues to be the case.

2.      On May 2, 2005, Plaintiffs served their proposed STIPULATION AND PROTECTIVE ORDER with a request for acceptance and execution by all Defendants.  This document was drafted for the purpose of governing disclosure of all confidential information in this case, including but not limited to Plaintiff(s)' psychiatric treatment information.  After negotiations on this issue, Plaintiffs indicated their intent to agree to the revised STIPULATION OF CONFIDENTIALITY appended hereto, the terms of which were originally drafted by Defendant(s).  (See Exhibit "A" hereto)(containing redlined changes proposed by Plaintiffs as well as a "clean" version of the revised draft).  Plaintiffs revised the original draft to preserve the MHPA provisions on protection of confidential medical information, a point which has been consistently made by Plaintiff(s) as a prerequisite to production of this information.[1]  (See id.)

3.      Repeatedly throughout discovery in this case, Plaintiffs have made a good-faith effort to resolve concerns that any Defendant may have regarding confidentiality issues without resort to Court intervention (see n.1 supra).  However, the parties have reached an impasse over

---

[1]      See letters from Plaintiffs' counsel dated May 1, 2005, May 27, 2005 & June 15, 2005; see also emails from Plaintiffs' counsel dated July 8, 2005; July 18, 2005; July 26, 2005; August 4, 2005; August 9, 2005 & August 19, 2005.

this issue since Defendant(s) have wrongly taken the position that *"…Mr. Iwanejko put his medical records at issue and therefore has no expectation of privacy…."*[2]   Plaintiffs have explained why they disagree with this position (*see* n.1 *supra*).   However, Defendants have nevertheless refused to agree with Plaintiffs' proposed revisions to the STIPULATION OF CONFIDENTIALITY, leading to the filing of C&G's motion to compel discovery and necessitating this motion for a protective order in opposition.

4.      Fed.R.Civ.P. 26(c)(2) **(Protective Orders)** provides that "[u]pon motion by a party or by the person from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court in which the action is pending … may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following …  (2) that the disclosure or discovery may be had only on specified terms and conditions…."  See Fed.R.Civ.P. 26(c)(2).

5.      It is respectfully submitted that a protective order is necessary to govern disclosure of confidential information in this case under Fed.R.Civ.P. 26(c)(2).  See id.  This is because none of the Defendants other than WESTERN PSYCHIATRIC INSTITUTE AND CLINIC (WPIC) were "medical providers" to Plaintiff Gerald J. IWANEJKO, Jr. due to the fact that

---

[2]      C&G also wrongly (and unfairly) contends that *"Plaintiff has thus far refused to produce any documents relevant to this action…."*  This is clearly not the case as Plaintiffs have consistently referred to "***all declarations and/or exhibits previously produced*** *and/or referenced in connection with each of the Rule 12(b)(6) dismissal motions and/or in connection with any of the initial disclosures in this action"* as constituting the relevant, nonprivileged documents which are responsive to the discovery requests served by Defendant(s).  *See* PLAINTIFFS' RESPONSE TO DEFENDANT COHEN & GRIGSBY, P.C. FIRST SET OF INTERROGATORIES AND DOCUMENT REQUESTS DIRECTED TO PLAINTIFFS; *see also* PLAINTIFFS' RESPONSE TO DEFENDANT CITY OF PITTSBURGH FIRST SET OF INTERROGATORIES AND DOCUMENT REQUESTS DIRECTED TO PLAINTIFFS.

only WPIC provided "medical treatment" to him.  Thus, the provisions of the Health Insurance

Portability and Accountability Act of 1996 (HIPAA) do not apply to these other Defendants, and

those provisions are therefore inadequate to protect Plaintiffs' psychiatric treatment information

in this case.  See 42 U.S.C. § 1320d.

   6.  Further, C&G's motion is both factually and legally wrong in its fundamental

contention(s), i.e., that *"Plaintiff has put his medical condition at issue"* and that as a result *"a*

*patient waives the MHPA privacy protections by putting his medical condition at issue"*.  As a

factual matter, Plaintiff Gerald J. IWANEJKO, Jr.'s medical condition is not directly at issue in

this case for the purposes of his ADA/PHRA (or any other) claim, since C&G has admitted to the

U.S. Equal Employment Opportunity Commission ("EEOC") that *"Mr. Iwanejko alleges,* **and**

**we do not dispute,** *that he suffers from a mental illness"*.[3]  Thus, the precedent cited by C&G in

support of its position (i.e., that IWANEJKO, Jr. has waived confidentiality of his medical

treatment information by raising these claims) is inapplicable.  Moreover, the Pennsylvania

Supreme Court has clearly held that such psychiatric treatment information is entitled to

protection as confidential under the MHPA regardless of its potential relevance in a civil lawsuit

such as this one.  See Zane v. Friends Hosp., 575 Pa. 236, 836 A.2d 25, 2003 Pa.LEXIS 2149

(2003); citing 50 P.S § 7111.[4]

---

[3]  *See* Exhibit "A" of the DECLARATION OF GERALD J. IWANEJKO, JR. IN OPPOSITION TO DEFENDANTS COHEN & GRIGSBY, P.C., WESTERN PSYCHIATRIC INSTITUTE & CLINIC AND CHUBB GROUP OF INSURANCE COMPANIES MOTIONS FOR DISMISSAL PURSUANT TO FED.R.CIV.P. 12(b)(6)(filed with Court Case Document No. 44)(emphasis added).

[4]  Plaintiff(s) believe that their negligence *per se* claim pending in Count (IV) of the Amended Complaint has been adequately pled to implicitly include a cause of action under 42 Pa.C.S. § 5944.  See Zane v. Friends Hosp., supra.  However, to the extent that further clarification is needed, Plaintiffs hereby move for leave to amend the Amended Complaint to perfect the pleading of this basis for the negligence *per se* claim, which would consist of adding an explicit reference to 42 Pa.C.S. § 5944 (in addition to 50 P.S § 7111) in Count   (IV).   See Fed.R.Civ.P. 7(b)(1) & 8(e)(1) & 15.   *See also* AMENDED COMPLAINT (Court Case Document No. 2) at ¶33-37 and at Prayer for Relief ¶3.

7.    In this case, Plaintiffs' proposed revisions to the STIPULATION OF CONFIDENTIALITY are a reasonable measure intended to preserve the confidentiality of this information, while still allowing its <u>use</u> in discovery (and also potentially in court proceedings) should the parties agree or should the Court determine, after review, that such use is permissible. (*See* Exhibit "A" hereto.)  Finally, a protective order is necessary not only to protect Plaintiffs' confidential medical information, but also to protect other discoverable confidential information, such as insurance agreements and financial/tax information which has been requested of all Defendants as relevant to Plaintiffs' punitive damages claims (and which has also been requested of Plaintiffs).[5]  <u>See</u> Fed.R.Civ.P. 26(a)(1)(D) & 26(c)(7).

8.    Thus, for all of the foregoing reasons, Plaintiffs respectfully request that the Court enter the STIPULATION OF CONFIDENTIALITY (incorporating the revisions proposed by Plaintiffs) for the purpose of governing disclosure of confidential information in this case. (*See* Exhibit "A" hereto.)

---

[5]    *See* PLAINTIFFS' FIRST SET OF INTERROGATORIES DIRECTED TO DEFENDANTS at Interrogatory No. 4 ("*[i]dentify and describe all revenue received by you from December 3, 2001 to the present date, including all revenue claimed in tax returns submitted by you to the U.S Internal Revenue Service covering that timeframe … identify and describe all communication(s), correspondence, information, documents,  procedures and/or report(s) (including but not limited to tax returns) relating to any of the foregoing…*"; *see also* PLAINTIFFS' FIRST SET OF DOCUMENT REQUESTS DIRECTED TO DEFENDANTS ("*[p]roduce all documents identified in your response to each of PLAINTIFFS' FIRST SET OF INTERROGATORIES DIRECTED TO DEFENDANTS as requested therein*"); *see also* PLAINTIFFS' SECOND SET OF DOCUMENT REQUESTS DIRECTED TO DEFENDANTS at Document Request No. 8 ("*[a]s to all Defendants, produce all communication(s), correspondence, information, documents, contracts, procedures and/or report(s) under your possession, custody and/or control relating to any insurance agreements pertinent to this matter under Fed.R.Civ.P. 26(a)(1)(D)*")(all appended in Exhibit "B" hereto).  *See also* Defendant C&G's INTERROGATORIES DIRECTED TO PLAINTIFF at Interrogatory No. 42.

## II.   <u>Motion To Compel Discovery</u>

9.      On May 2, 2005, PLAINTIFFS' FIRST SET OF INTERROGATORIES DIRECTED TO DEFENDANTS and PLAINTIFFS' FIRST SET OF DOCUMENT REQUESTS DIRECTED TO DEFENDANTS were served upon all Defendants.   On May 27, 2005, PLAINTIFFS' SECOND SET OF DOCUMENT REQUESTS DIRECTED TO DEFENDANTS were subsequently served upon all Defendants.[6]   Responses to Plaintiffs' First Set of Interrogatories and Document Requests were due no later than **June 6, 2005**, and responses to Plaintiffs' Second Set of Document Requests were due on or before **June 29, 2005**.   <u>See</u> Fed.R.Civ.P. 5, 6, 33 & 34.

10.      To date, none of the Defendants have completely and properly responded to all of Plaintiffs' discovery requests, despite Plaintiffs' identification (and <u>repeated</u> request for correction) of the deficiencies in Defendants' responses (*see* n.1 *supra*).   The interrogatory responses received from each answering Defendant are inadequate, since in many cases they only reference averments previously made in the pleadings and/or initial disclosures without providing the amplifying information sought by each interrogatory.[7]   In addition, Defendant CITY OF PITTSBURGH failed to respond to Plaintiffs' First Set of Document Requests, while Defendants BERNSTEIN and WPIC failed to respond to Plaintiffs' Second Set of Document Requests, and the interrogatory answers provided by the former two Defendants are inadequate since they do not comply with the requirement for execution under oath.   Finally, none of the

---

[6]      *See* PLAINTIFFS' FIRST SET OF INTERROGATORIES DIRECTED TO DEFENDANTS; *see also* PLAINTIFFS' FIRST SET OF DOCUMENT REQUESTS DIRECTED TO DEFENDANTS; *see also* PLAINTIFFS' SECOND SET OF DOCUMENT REQUESTS DIRECTED TO DEFENDANTS (all appended in Exhibit "B" hereto).

[7]      Plaintiffs will attempt to obtain this amplifying information through Rule 30(b)(6) depositions of the Defendants (*see* n.11 *supra* and Exhibit "C" hereto).   However, Plaintiffs reserve the right to supplement and/or renew this motion should the answers obtained in such depositions fail to satisfactorily

Pittsburgh Police Defendants have even bothered to respond in any way to Plaintiffs' written discovery requests.[8]

11.     Further, Defendant C&G did not provide any documents in response to Plaintiffs' Document Request Nos. 4 & 7 (*see* n.6 *supra*)  Additionally, none of the Defendants have agreed to produce any financial/tax information once a protective order governing confidentiality is entered, which has been requested as relevant to Plaintiffs' punitive damages claims (*see* n.5 *supra*).[9]  See Kirkbride v. Lisbon Contractors, Inc., 521 Pa. 97, 555 A.2d 800

---

respond to Plaintiffs' interrogatories.

[8]     *See* DEFENDANT CITY OF PITTSBURGH'S ANSWER TO PLAINTIFFS' FIRST SET OF INTERROGATORIES DIRECTED TO DEFENDANTS; *see also* DEFENDANT CITY OF PITTSBURGH'S RESPONSE TO PLAINTIFFS' SECOND SET OF DOCUMENT REQUESTS DIRECTED TO DEFENDANTS; *see also* ANSWER TO PLAINTIFFS' FIRST SET OF INTERROGATORIES DIRECTED TO DEFENDANTS served by Defendant LAWSON BERNSTEIN, M.D., P.C.; *see also* RESPONSES TO PLAINTIFFS' FIRST SET OF DOCUMENT REQUESTS DIRECTED TO DEFENDANTS served by Defendant LAWSON BERNSTEIN, M.D., P.C.; *see also* ANSWERS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES DIRECTED TO DEFENDANTS served by Defendant WPIC; *see also* RESPONSE TO PLAINTIFFS' FIRST SET OF DOCUMENT REQUESTS DIRECTED TO DEFENDANTS served by Defendant WPIC; *see also* DEFENDANT C&G'S ANSWERS AND OBJECTIONS TO PLAINTIFFS' INTERROGATORIES AND REQUESTS FOR PRODUCTION; *see also* ANSWERS TO PLAINTIFFS' FIRST AND SECOND REQUESTS FOR PRODUCTION OF DOCUMENTS served by Defendant C&G.

[9]     *See* AMENDED COMPLAINT (Court Case Document No. 2) at ¶23, 27, 32, 37, 53, 62, 81 & 85. Plaintiff(s) believe that their punitive damages claims have been adequately pled with respect to each cause of action (and with respect to every Defendant) remaining in pending Counts (I) through (IV), (VII), (VIII), (XIII) & (XIV). *See id.*   See also 42 U.S.C. § 1988 (allowing common law punitive damages for 28 U.S.C. § 1983 claim); see also 29 U.S.C. § 2617 (allowing damages for a willful violation of the Family and Medical Leave Act (FMLA)); see also 42 U.S.C. §§ 1981a & 12117 (allowing punitive damages for a violation of the Americans With Disabilities Act (ADA)); see also SHV Coal, Inc. v. Continental Grain Co., 526 Pa. 489, 587 A.2d 702, 1991 Pa. LEXIS 45 at *6-*10 (1991)("[a]ssessment of punitive damages are proper when a person's actions are of such an outrageous nature as to demonstrate intentional, willful, wanton or reckless conduct, Pittsburgh Outdoor Adv. Co. v. Virginia Manor Apts Inc., 436 Pa. 350, 260 A.2d 801 (1970), and are awarded to punish that person for such conduct"); Renk v. City of Pittsburgh, 537 Pa. 68, 641 A.2d 289, 1994 Pa.LEXIS 137 at *13 (1994); Martin v. Johns-Manville Corp., 508 Pa. 154, 494 A.2d 1088, 1985 Pa. LEXIS 394 at *17-*25 (1985)(permitting punitive damages for negligence and other common law tort claims); see also Sarko v. Penn-Del Directory Co., 968 F.Supp 1026 (E.D.Pa.1997)(following line of federal cases holding that the Pennsylvania Supreme Court would likely allow punitive damages for violations of the Pennsylvania Human Relations Act (PHRA)). However, to the extent that further clarification is needed, Plaintiffs hereby move for leave to amend the Amended Complaint to perfect the pleading of these punitive damages claims, which would consist of adding an explicit request for *"punitive damages"* with respect to each cause of action (and every Defendant) remaining in Counts (I) through (IV), (VII), (VIII), (XIII) & (XIV) to the extent

(1989)(the standard under which punitive damages are measured in Pennsylvania requires analysis of the following factors: (1) the character of the act; (2) the nature and extent of the harm; and (3) *the wealth of the defendant*); <u>accord</u> <u>Tunis Brothers Co., Inc. v. Ford Motor Co.</u>, 952 F.2d 715, 740-41 (3d Cir.1991), <u>cert. denied</u>, 505 U.S. 1221, 112 S.Ct. 3034, 120 L.Ed.2d 903 (1992)(applying Pennsylvania law).  Finally, with the exception of Defendants C&G and the CITY OF PITTSBURGH, no Defendant has produced the insurance information required by Fed.R.Civ.P. 26(a)(1)(D) or confirmed that all of the documents referenced in its initial disclosures have been produced pursuant to Fed.R.Civ.P. 26(a)(1)(B).[10]

12.     In all cases, each Defendant's failure to respond as described above is in direct contravention of its discovery obligations under Fed.R.Civ.P. 26, 33, 34 & 37.  <u>See</u> Fed.R.Civ.P. 33(b)(1) & 33(b)(3); <u>see also</u> Fed.R.Civ.P. 34(b).  <u>See also</u> Fed.R.Civ.P. 37(a)(3)(**Evasive or Incomplete Disclosure, Answer, or Response**)("… an evasive or *incomplete* disclosure, answer, or response is to be treated as a *failure* to disclose, answer, or respond.")(emphasis added).  Plaintiffs are entitled to complete and proper responses to their discovery requests, and hereby respectfully request the Court to order such responses from all Defendants, along with reimbursement of all expenses incurred by Plaintiffs as a result of any Defendant's failure to properly do so.  <u>See</u> Fed.R.Civ.P. 37(a).

13.     Plaintiffs have already been forced to continue the deposition(s) of Pittsburgh Police Defendants James L. AKER, Donald SAVKO, Joseph NICHOLAS and Defendant CITY OF PITTSBURGH, and to postpone the Rule 30(b)(6) depositions of Defendant(s) Dr. Lawson

---

necessary.  <u>See</u> Fed.R.Civ.P. 7(b)(1) & 8(e)(1) & 15.  *See* AMENDED COMPLAINT, *supra* and at Prayer for Relief ¶3.

[10]     S*ee* PLAINTIFFS' SECOND SET OF DOCUMENT REQUESTS DIRECTED TO DEFENDANTS at Document Request Nos. 8 & 9 (appended in Exhibit "B" hereto).

BERNSTEIN, M.D., P.C. and WPIC, due to the failure of all Defendants to adequately respond to requested discovery and/or to work toward a resolution of the confidentiality/protective order issue (*see* n.1 *supra*).  For this reason, Plaintiffs also respectfully request the Court to consider granting an extension of the current **October 1, 2005** discovery deadline if necessary to cure any Defendant's failure to properly respond to requested discovery, including a failure of any Defendant to produce the requested witness(es) on the dates (and at the times) indicated in Plaintiffs' revised deposition notices.[11]   *See* CASE MANAGEMENT/SCHEDULING ORDER dated April 4, 2005 at ¶5.

WHEREFORE, Plaintiffs respectfully request that the Court GRANT the present motion, and all of the relief requested herein, pursuant to the appended ORDER OF COURT.

Respectfully Submitted,

/s/ Gerald Joseph Iwanejko, Jr.
Gerald Joseph Iwanejko, Jr.
PA Attorney ID # 76653
229 Hickory Hill Drive
Volant, PA  16156
(412) 720-0363
Appearing *pro se* &
Counsel for Plaintiffs

Dated: August 31, 2005

---

[11]     See REVISED NOTICE OF RULE 30(b)(6) DEPOSITION OF DEFENDANT DR. LAWSON BERNSTEIN, M.D., P.C. and REVISED NOTICE OF DEPOSITION OF DR. CAMERON CARTER, M.D. and REVISED NOTICE OF RULE 30(b)(6) DEPOSITION OF DEFENDANT WESTERN PSYCHIATRIC INSTITUTE AND CLINIC and REVISED NOTICE OF DEPOSITION OF MR. ALLAN J. TeDESCO and REVISED NOTICE OF RULE 30(b)(6) DEPOSITION OF DEFENDANT COHEN & GRIGSBY, P.C. and NOTICE OF DEPOSITION OF DR. TIMOTHY S. MITZEL, D.O. (all appended in Exhibit "C" hereto).

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**
**PITTSBURGH, PA CIVIL DIVISION**

**Gerald J. IWANEJKO, Jr.**;
**Gerald J. IWANEJKO, Sr.**; and
**Patricia IWANEJKO**

      Plaintiffs

                                        **C.A. No. 03-1855**

**v.**                                  **Judge Terrence F. McVerry**

**JURY TRIAL DEMANDED**

**COHEN & GRIGSBY, P.C.**;
**The City of PITTSBURGH, PA**;
**Pittsburgh Police Officers James L. AKER**, **Donald SAVKO**
and **Joseph NICHOLAS**;
**WESTERN PSYCHIATRIC INSTITUTE AND CLINIC**; and
**Dr. Lawson BERNSTEIN, M.D., P.C.**

      Defendants

## ORDER OF COURT

AND NOW, this \_\_\_ day of _____ 2005, it is hereby ORDERED, ADJUDGED and DECREED that PLAINTIFFS' MOTION FOR PROTECTIVE ORDER IN OPPOSITION TO MOTION TO COMPEL PRODUCTION OF DOCUMENTS, MOTION TO COMPEL DISCOVERY AND FOR OTHER RELIEF is GRANTED, and that all of the relief requested therein is provided, including the following:

1.    The STIPULATION OF CONFIDENTIALITY is hereby ENTERED incorporating the revisions proposed by Plaintiffs without modification (*see* Exhibit "A" to the aforesaid motion) for the purpose of governing disclosure of confidential information in this case.

2.    All of the Defendants are hereby ORDERED to provide complete and proper responses to PLAINTIFFS' FIRST SET OF INTERROGATORIES DIRECTED TO

DEFENDANTS and to PLAINTIFFS' FIRST SET OF DOCUMENT REQUESTS DIRECTED TO DEFENDANTS and to PLAINTIFFS' SECOND SET OF DOCUMENT REQUESTS DIRECTED TO DEFENDANTS pursuant to the requirements of Fed.R.Civ.P. 26, 33 & 34.

3.      Defendants are hereby ORDERED to reimburse all expenses incurred by Plaintiffs as a result of their failure to properly respond to Plaintiffs' discovery requests, including the postponement and/or continuation/resumption of any depositions that have been necessitated thereby.

4.      Plaintiffs' motion for an extension of the current **October 1, 2005** discovery deadline is hereby provisionally GRANTED if such extension is necessary to cure any Defendant's failure to properly respond to requested discovery in accordance with this Order, including a failure of any Defendant to produce the requested witness(es) on the dates (and at the times) indicated in Plaintiffs' revised deposition notices.

5.      Plaintiffs are hereby GRANTED leave to perfect the pleading of the basis for the negligence *per se* claim by adding an explicit reference to 42 Pa.C.S. § 5944 (in addition to 50 P.S § 7111) in Count (IV) of the AMENDED COMPLAINT.

6.      Plaintiffs are hereby GRANTED leave to perfect the pleading of their punitive damages claims by adding an explicit request for *"punitive damages"* with respect to each cause of action (and every Defendant) remaining in Counts (I) through (IV), (VII), (VIII), (XIII) & (XIV) to the extent necessary.


                         BY THE COURT:


                         _____

                         Judge Terrence F. McVerry

11

## CERTIFICATE OF SERVICE AND DISCOVERY DISPUTE CERTIFICATE

I hereby certify that a true and exact copy of the foregoing PLAINTIFFS' MOTION FOR PROTECTIVE ORDER IN OPPOSITION TO MOTION TO COMPEL PRODUCTION OF DOCUMENTS, MOTION TO COMPEL DISCOVERY AND FOR OTHER RELIEF, along with associated exhibits, has been served upon the following counsel for each Defendant, by Court transmission upon electronic filing (CM/ECF) and/or by first class U.S. mail, on this 31st day of August, 2005. Pursuant to Fed.R.Civ.P. 37 & W.D.Pa.L.R. 37.1, I hereby certify that counsel for Plaintiff has in good faith conferred or attempted to confer with counsel for all Defendants, in an effort to secure the relief sought by the aforesaid motion without court action, but that no agreement regarding same could be reached (*see* n.1 *supra*).

Edward A. Yurcon, Esq.
ANSTANDIG MCDYER & YURCON, P.C.
1300 Gulf Tower
707 Grant Street
Pittsburgh, PA  15219-1911
fax:  (412) 765-3730
(Counsel for Defendant COHEN & GRIGSBY, P.C.)

Matthew F. Dolfi, Esq.
CITY OF PITTSBURGH DEPARTMENT OF LAW
313 City-County Building
414 Grant Street
Pittsburgh, PA  15219
fax:  (412) 255-2285
(Counsel for Defendant CITY OF PITTSBURGH, PA)

Bryan Campbell, Esq.
220 Grant Street
6th Floor
Pittsburgh, PA  15219-2399
fax:  (412) 562-0675
(Counsel for Defendants AKER, SAVKO and NICHOLAS)

Jason Logue, Esq.
DICKIE MCCAMEY & CHILCOTE, P.C.
Two PPG Place
Suite 400
Pittsburgh, PA  15222-5402
fax:  (412) 392-5367
(Counsel for Defendant
WESTERN PSYCHIATRIC INSTITUTE AND CLINIC)

Tyler J. Smith, Esq.
PIETRAGALLO BOSICK & GORDON
One Oxford Centre
38th Floor
Pittsburgh, PA  15219-6404
fax:  (412) 261-5295
(Co-Counsel for Defendant Dr. Lawson BERNSTEIN, M.D., P.C.)

John A. Bass, Esq.
GROGAN GRAFFAM, P.C.
Four Gateway Center
12th Floor
Pittsburgh, PA  15222
fax:  (412) 553-6679
(Co-Counsel for Defendant Dr. Lawson BERNSTEIN, M.D., P.C.)


/s/ Gerald Joseph Iwanejko, Jr.