IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GERALD J. IWANEJKO, JR., | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| COHEN & GRIGSBY, P.C., THE CITY OF PITTSBURGH, PA., PITTSBURGH POLICE OFFICERS JAMES L. AKER, DONALD SAVKO AND JOSEPH NICHOLAS, WESTERN PSYCHIATRIC INSTITUTE AND CLINIC, and DR. LAWSON BERNSTEIN, M.D., P.C., Defendants. | ) ) ) ) ) ) ) ) ) ) |

2:03cv1855

**MEMORANDUM OPINION AND ORDER OF COURT**

Before the Court for consideration are the following:

- MOTION TO COMPEL PRODUCTION OF DOCUMENTS DIRECTED TO PLAINTIFF filed by defendant Cohen & Grigsby, P.C. ("C&G's Motion") (*Document No. 84*);

- PLAINTIFFS' MOTION FOR PROTECTIVE ORDER IN OPPOSITION TO MOTION TO COMPEL PRODUCTION OF DOCUMENTS, MOTION TO COMPEL DISCOVERY AND FOR OTHER RELIEF ("Plaintiff's Motion") (*Document No. 87*);

- The City of Pittsburgh's RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DISCOVERY AND FOR OTHER RELIEF ("City's Response") (*Document No. 88*);

- DEFENDANTS C&G'S RESPONSE TO PLAINTIFFS' MOTION FOR PROTECTIVE ORDER IN OPPOSITION TO MOTION TO COMPEL PRODUCTION OF DOCUMENTS, MOTION TO COMPEL DISCOVERY AND FOR OTHER RELIEF ("C&G's Response") (*Document No. 91*);

- MOTION FOR PROTECTIVE ORDER/ RESPONSE TO PLAINTIFFS' MOTION TO COMPEL filed by defendant Western Psychiatric Institute and Clinic ("WPIC's Motion") (*Document No. 90*) and the REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR PROTECTIVE ORDER AND TO COMPEL DISCOVERY AND FOR OTHER RELIEF ("Plaintiff's Reply") (*Document No. 94*).

The Court will address the motions *seriatim*.

A. <u>C&G's Motion to Compel Production of Documents Directed to Plaintiff</u>

In its Motion defendant C&G seeks an order of court which compels plaintiff Gerald J. Iwanejko, Jr. ("Iwanejko") to disclose his medical and/or mental health records. Motion at 4. C&G contends that Iwanejko has waived any claim of privilege or expectation of privacy in said records by placing his mental condition at issue in this case, and by consenting to the release of his records to defendant Lawson Bernstein, M.D. Preliminarily, the Court observes that the federal common law of privileges applies to federal question cases such as this one, *see Sarko v. Penn-Del Directory Co.*, 170 F.R.D. 127, 129 (E.D. Pa. 1997), that a general doctor/patient privilege is not recognized by federal common law, *see id.* at 131, and that while federal courts recognize the existence of the psychotherapist/patient privilege, *see id.* at 129-30, said privilege is waived when a plaintiff places his mental condition at issue by alleging that due to his mental condition he is a "qualified individual with a disability" under the Americans with Disabilities Act. *Id.* at 130.

The Court finds and rules that Iwanejko has waived the psychotherapist/patient privilege by placing his mental health and/or medical condition at issue, and therefore cannot use said privilege to shield records which pertain to his mental health and/or medical condition from discovery. Iwanejko has clearly placed his mental health and/or medical condition at issue by alleging that due to his mental condition he is a "qualified individual with a disability" under the Americans with Disabilities Act. *See* Amended Complaint, Count VIII.[1] Accordingly, Iwanejko will be ordered to disclose the records of his medical and/or mental health treatment. However, as explained below, the disclosure of said records will be governed by a confidentiality order.

---

[1] The Court need not decide whether Iwanejko has waived any right to privacy he may have in his medical records by signing the "Consent for Release of Information" attached to C&G's Response as Exhibit A. This issue is intertwined with the merits of Count IV of the Amended Complaint (alleged violation of the Pennsylvania Mental Health Procedures Act), and in the Court's view any determination on this issue at this time would be premature.

B. <u>Plaintiffs' Motion for Protective Order in Opposition to Motion to Compel Production of Documents, Motion to Compel Discovery and for Other Relief</u>

    a. *The Motion for Protective Order*

Plaintiffs contend in their Motion for Protective Order that the Court should enter their proposed "Stipulation of Confidentiality" as an order of court. *See* Plaintiff's Motion at 2; Plaintiff's Motion, exh. A. C&G, on the other hand, contends that Iwanejko's "Stipulation of Confidentiality" is "unacceptable and unworkable," and has submitted its own proposed "Stipulation of Confidentiality" to the Court. *See* C&G's Motion, exh. A.

The Court finds and rules that the personal and sensitive nature of Iwanejko's medical and/or mental health records warrants the entry of a confidentiality order. The Court has reviewed the proposed confidentiality orders submitted by both Iwanejko and C&G, and the Court finds that C&G's version is, for the most part, appropriately tailored to protect the confidential nature of Iwanejko's medical and/or mental health records.

Iwanejko, however, objects to the second paragraph of the C&G's Stipulation of Confidentiality, which provides that "only medical records of medical history not directly related to this litigation shall be designated confidential," and that "[r]ecords which are directly related to the events of December 3, 2001, and plaintiff's subsequent treatment will not be designated confidential." *See* Motion at 2-3. Iwanejko's concerns are well-founded; indeed, his mental health records, perhaps more so than any other medical records, should not be indiscriminately or unnecessarily disclosed, despite their relevance to this lawsuit and the Court's finding that Iwanejko has waived the protections of the psychotherapist-patient privilege. However, in all other respects C&G's Stipulation of Confidentiality is sufficient to protect the confidentiality of Iwanejko's medical and/or mental health records. Therefore, the Court will enter C&G's Stipulation of Confidentiality as an order of court, but will omit the second paragraph of said stipulation in order to better protect the confidentiality of Iwanejko's medical and/or mental health records.

b.   *The Motion to Compel Discovery*

Iwanejko contends that various defendants have failed to respond adequately, or have not responded at all, to 1) Plaintiffs' First Set of Interrogatories Directed to Defendants, 2) Plaintiffs' First Set of Document Requests Directed to Defendants, and 3) Plaintiffs' Second Set of Document Requests Directed to Defendants. Plaintiff's Motion at 6-9. Iwanejko also complains that defendants City of Pittsburgh and Lawson Bernstein, M.D. have failed to answer his interrogatories under oath. *Id*. at 6. The City of Pittsburgh, C&G and Western Psychiatric Institute and Clinic ("WPIC") contend that they have properly responded to Iwanejko's discovery requests. The other defendants have not responded to Plaintiff's Motion.

It appears from the filings, or the lack thereof, that at least some of the defendants have failed to adequately respond, or to respond at all, to Iwanejko's discovery requests. Therefore, the Court will order all defendants to fully respond to the above-referenced discovery requests *to the extent that they have not already done so.*

However, with respect to Iwanejko's request for financial information, which is relevant to punitive damages, the City of Pittsburgh is clearly immune from punitive damages and need not respond to this request. *See City of Newport v. Fact Concerts, Inc*., 453 U.S. 247, 271 (1981). Additionally, Iwanejko's request for reimbursement pursuant to Federal Rule of Civil Procedure 37(a)(4) will be denied. The Court finds and rules that any failures on the part of the defendants to fully respond to Iwanejko's discovery requests were either justified, inadvertent, or otherwise do not warrant an award of expenses. Finally, although the omission is not significant, those defendants who have not properly responded to Iwanejko's discovery requests under oath will be ordered to do so.

c.   *Iwanejko's Request for Other Relief*

Iwanejko also requests that he be allowed to amend the Amended Complaint to reflect that he seeks punitive damages as to each remaining defendant and cause of action. *See* Plaintiff's Motion at 7 n.9. However, each count of the Amended Complaint either includes an explicit request for punitive damages, or reflects that Iwanejko "seeks any and all available

4

remedies" against the defendants, or both. The Court finds and rules that these references, read in light of the Amended Complaint as a whole and the liberal standards of notice pleading, are more than sufficient to give the defendants fair notice that Iwanejko seeks to recover punitive damages to the full extent that they are available. *See* Fed.R.Civ.P. 8(a)(2). Therefore, there is no need to amend the Amended Complaint to perfect the pleading of punitive damages.

Iwanejko also requests that he be allowed to amend the Amended Complaint to explicitly reflect that his claim for negligence *per se* (Count IV) includes a cause of action under 42 Pa.C.S.A. § 5944.[2] However, the Pennsylvania Superior Court has held that section 5944 "merely defines a testimonial privilege on behalf of the patient in the psychologist-patient relationship," and "does not create a new cause of action." *Coulter v. Rosenblum*, 682 A.2d 838, 840 (Pa. Super. Ct. 1996). The Superior Court's opinion in *Coulter* is well-reasoned, and the Court finds and rules that the Pennsylvania Supreme Court would, if presented with the issue, follow *Coulter* and find that section 5944 merely defines a testimonial privilege, and does not create a new cause of action. Therefore, Iwanejko's request for leave to amend the Amended Complaint to plead a cause of action under 42 Pa.C.S.A. § 5944 will be denied.[3]

---

[2]. Section 5944 provides as follows:
No psychiatrist or person who has been licensed ... to practice psychology shall be, without the written consent of his client, examined in any civil or criminal matter as to any information acquired in the course of his professional services in behalf of such client. The confidential relations and communications between a psychologist or psychiatrist and his client shall be on the same basis as those provided or prescribed by law between an attorney and client.
42 Pa. C.S.A. § 5944.

[3]. Iwanejko also proposes to "incorporate the psychotherapist-patient privilege as an alternative theory for proving one element of the negligence per se claim (requiring a violation of a statute or regulation) in addition to basing this claim upon a violation of the confidentiality provisions of the MHPA." Plaintiff's Reply at 7 (underlining in original). This proposal lacks merit and would, as a practical matter, amount to the same sort of claim which the *Coulter* court rejected, *i.e.*, and attempt to use section 5944 as the basis for a cause of action. *See Coulter*, 682 A.2d at 840.

C.     The Motion for Protective Order Filed by Western Psychiatric Institute and Clinic

The gravamen of the Motion for Protective Order filed by defendant WPIC is that Iwanejko should not be permitted to discover information regarding its finances, which are relevant to punitive damages, because Iwanejko cannot demonstrate a "real possibility" of an award of punitive damages, and because WPIC will likely prevail on a motion for summary judgment in the future. *See* WPIC's Motion at 3. The Court agrees with WPIC that Iwanejko has not, at this juncture, demonstrated a "real possibility" of an award of punitive damages against WPIC. Therefore, the Motion for Protective Order will be granted. However, in the event that Iwanejko's claim against WPIC survives summary judgment and he can demonstrate a "real possibility" of an award of punitive damages, Iwanejko will be granted leave to discover information regarding WPIC's finances. *See Chenoweth v. Schaaf*, 98 F.R.D. 587, 589 (W.D. Pa. 1983).

D.     Whether Iwanejko's Parents are Still Parties?

The parties' filings reflect that Gerald J. Iwanejko, Sr. and Patricia Iwanejko are parties to this case, despite the fact that the Court ordered the removal of these plaintiffs from the caption in its December 10, 2004 Order of Court, and they were terminated as parties. However, upon further review it is apparent that Gerald J. Iwanejko, Sr. and Patricia Iwanejko still have a cause of action against Officers Aker, Savko and Nicholas at Count XIV of the Amended Complaint (Negligent Infliction of Emotional Distress).[4] Therefore, Gerald J. Iwanejko Sr. and Patricia Iwanejko were improvidently terminated as plaintiffs and they will be reinstated as plaintiffs.

                                                                                                          McVerry, J.

---

[4]. Although the Court ultimately found that Count XIV failed to state a claim, Officers Aker, Savko and Nicholas filed an Answer, and did not seek the dismissal of Plaintiffs' claims.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GERALD J. IWANEJKO, JR., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>COHEN & GRIGSBY, P.C., THE CITY OF )<br>PITTSBURGH, PA., PITTSBURGH )<br>POLICE OFFICERS JAMES L. AKER, )<br>DONALD SAVKO AND JOSEPH )<br>NICHOLAS, WESTERN PSYCHIATRIC )<br>INSTITUTE AND CLINIC, and DR. )<br>LAWSON BERNSTEIN, M.D., P.C., )<br>Defendants. ) | 2:03cv1855 |

## ORDER OF COURT

AND NOW, this 5th day of October, 2005, in accordance with the foregoing Memorandum Opinion it is hereby **ORDERED, ADJUDGED and DECREED** as follows:

1. The Motion to Compel Production of Documents Directed to Plaintiff (*Document No. 84*) is **GRANTED**. Plaintiff Gerald J. Iwanejko, Jr. is hereby **ORDERED** to provide his medical records to defendant Cohen & Grigsby, P.C. on or before October 13, 2005;

2. Plaintiffs' Motion for Protective Order in Opposition to Motion to Compel Production of Documents, Motion to Compel Discovery and for Other Relief (*Document No. 87*) is **GRANTED IN PART** and **DENIED IN PART**, as follows:

    a. The Motion for Protective Order is **GRANTED**. The following Protective Order shall govern the disclosure of all confidential information in this case:

        i. Any information produced in accordance with discovery requests, which either party deems to be confidential, shall be so identified or otherwise indicated to be confidential by the party asserting such confidentiality, identifying all or any portion of the requested information as being confidential;

        ii. Confidential information shall be disseminated only among attorneys, their support staff, witnesses, parties, their insurers, and experts. Confidential information shall not be disseminated to any other person or party unless

        directly related to this litigation and to the extent that such information is disseminated to any third person as part of the litigation of this matter, then any such third person shall sign an acknowledgment indicating his or her knowledge that the material is confidential and not to be disclosed to any other person or party other than as related to the above litigation;

   iii.    In the event that any party hereto disagrees with any classification of material as being confidential, in such instance, the party shall immediately notify the other party asserting the classification of confidentiality of such disagreement and if the parties are not able to resolve any disagreement within ten (10) days of notice thereof, then either party may file a motion to have the materials in question protected as confidential material and/or disclosed as non-confidential material. In either event, no party shall disclose the material classified as confidential to any third person or party unless and until either an agreement is reached between the parties and/or an order of court is entered allowing the disclosure of the materials on a non-confidential basis;

   iv.    Within ten (10) days of the conclusion of this litigation, all documents designated as "confidential" shall either be returned to the producing parties or destroyed by the parties in possession of the documents. Any party choosing to destroy the records must offer a written certification as proof of compliance with this provision;

b.    The Motion to Compel Discovery is **GRANTED IN PART** and **DENIED IN PART**, as follows:

   i.    Plaintiffs may not discover the financial information of defendants City of Pittsburgh and Western Psychiatric Institute and Clinic pursuant to Plaintiffs' First Set of Interrogatories Directed to Defendants No. 4;

   ii.    Except as stated above, any defendants who have not fully responded to Plaintiffs' First Set of Interrogatories Directed to Defendants, Plaintiffs'

    First Set of Document Requests Directed to Defendants, and/or to Plaintiffs' Second Set of Document Requests Directed to Defendants shall do so on or before October 13, 2005;

  iii. Any defendants who have not responded to Iwanejko's above-referenced discovery requests under oath shall do so on or before October 13, 2005;

  iv. All other relief requested in Plaintiffs' Motion for Protective Order in Opposition to Motion to Compel Production of Documents, Motion to Compel Discovery and for Other Relief is **DENIED**;

3. The Motion for Protective Order (*Document No. 90*) filed by defendant Western Psychiatric Institute and Clinic is **GRANTED**; and

4. Gerald J. Iwanejko, Sr. and Patricia Iwanejko are hereby **REINSTATED** as plaintiffs, and the caption shall be amended as follows:

| | |
|---|---|
| **GERALD J. IWANEJKO, JR., GERALD J. IWANEJKO, SR., and PATRICIA IWANEJKO,** )<br>)<br>)<br>)<br>    **Plaintiffs,** )<br> v. )<br>)<br>**COHEN & GRIGSBY, P.C., THE CITY OF PITTSBURGH, PA., PITTSBURGH POLICE OFFICERS JAMES L. AKER, DONALD SAVKO AND JOSEPH NICHOLAS, WESTERN PSYCHIATRIC INSTITUTE AND CLINIC, and DR. LAWSON BERNSTEIN, M.D., P.C.,** )<br>)<br>)<br>)<br>)<br>)<br>    **Defendants.** ) | 2:03cv1855 |

              s/ Terrence F. McVerry
              Terrence F. McVerry
              United States District Court Judge

cc: Gerald Joseph Iwanejko, Jr., Esquire
Email: giwanejko@earthlink.net

Edward A. Yurcon, Esquire
Anstandig, McDyer, Burdette & Yurcon
707 Grant Street
1300 Gulf Tower
Pittsburgh, PA 15219

Jamie L. Hudson, Esquire
Email: jhudson@ambylaw.com

J. Matthew Horgan, Esquire
Dickie, McCamey & Chilcote
Two PPG Place, Suite 400
Pittsburgh, PA 15222-5402

Bryan Campbell, Esquire
Email: bryancmpbl@yahoo.com

Jacqueline R. Morrow, Esquire
Email: jacqueline.morrow@city.pittsburgh.pa.us

Matthew F. Dolfi, Esquire
Email: matthew.dolfi@city.pittsburgh.pa.us

Susan E. Malie, Esquire
Email: susan.malie@city.pittsburgh.pa.us

Tyler J. Smith, Esquire
Pietragallo, Bosick & Gordon
One Oxford Centre, 38th Floor
Pittsburgh, PA 15219