IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GERALD J. IWANEJKO, JR., GERALD J. IWANEJKO, SR., and PATRICIA IWANEJKO, <br><br>　　　　　Plaintiffs, <br>　v. <br><br>COHEN & GRIGSBY, P.C., THE CITY OF PITTSBURGH, PA., PITTSBURGH POLICE OFFICERS JAMES L. AKER, DONALD SAVKO AND JOSEPH NICHOLAS, WESTERN PSYCHIATRIC INSTITUTE AND CLINIC, and DR. LAWSON BERNSTEIN, M.D., P.C., <br>　　　　　Defendants. | 2:03-cv-1855 |

## MEMORANDUM OPINION AND ORDER OF COURT

Before the Court for consideration are a MOTION TO DISMISS FOR NON PROS AND BRIEF IN SUPPORT (*Document No. 95*) filed by defendant Western Psychiatric Institute and Clinic, and a nearly verbatim MOTION TO DISMISS FOR NON PROS AND BRIEF IN SUPPORT (*Document No. 106*) filed by defendant Lawson Bernstein, M.D., P.C. The issues have been fully briefed by the parties. *See* Document Nos. 103, 108 & 111.

Background

The basic facts and procedural history of this case have been set forth in previous memorandum opinions. *See* Document Nos. 62, 63 & 80. At this stage of the proceedings the only claims against defendants Western Psychiatric Institute and Clinic ("WPIC") and Lawson Bernstein, M.D., P.C. ("Dr. Bernstein") are for negligence *per se*. Specifically, Plaintiff Gerald J. Iwanejko ("Iwanejko") claims for negligence *per se* are based upon alleged violations of the Pennsylvania Mental Health Procedures Act ("MHPA"), 50 P.S. § 7101. *See* Amended Complaint, Count IV. Count IV of the Amended Complaint alleges that WPIC, through its physicians, impermissibly provided confidential information regarding Iwanejko's medical condition and treatment to defendants Cohen & Grigsby and Dr. Bernstein, and that said

defendants sought confidential information regarding Iwanejko, in violation of the confidentiality provisions of the MHPA. Count IV also alleges that WPIC involuntarily kept Iwanejko in custody "without reasonable grounds existing for his emergency examination and without ever being given an adequate explanation of the reason for his emergency examination or the opportunity to contact others at the time of his commitment." Amended Complaint at ¶ 34.

Discussion

WPIC and Dr. Bernstein contend that Iwanejko's claims should be dismissed due to his failure to file a "certificate of merit" pursuant to Pennsylvania Rule of Civil Procedure 1042.3. Neither a certificate of merit nor a motion for extension of time within which to file such a certificate has been filed by Iwanejko.[1]

Pennsylvania Rule of Civil Procedure 1042.3 provides as follows:

(a) In any action based upon an allegation that a licensed professional deviated from an acceptable professional standard, the attorney for the plaintiff, or the plaintiff if not represented, shall file with the complaint or within sixty days after the filing of the complaint, a certificate of merit signed by the attorney or party that either
> (1) an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm, or
> (2) the claim that the defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard, or
> (3) expert testimony of an appropriate licensed professional is

---

[1] The Court rejects Iwanejko's contention that a letter from his current treating physician, Timothy Mitzel, D.O., filed in opposition to WPIC's motion to dismiss, amounts to a certificate of merit. *See* Pltf's Opp. to WPIC's Motion, exh. 1 (*Document No. 103*). The Court has examined the letter and finds that it was neither intended to be nor qualifies as a certificate of merit. Similarly, to the extent that Iwanjko's Declaration purports to be a "certificate of merit" it falls short. *See id*. exh. 1. The Declaration simply does not reflect that an "appropriate licensed professional," *i.e.* an expert who is more objective and removed from the case than the plaintiff himself, has proffered an opinion on the probable merit of Iwanejko's claims in accordance with Rule 1042.3.

2

>unnecessary for prosecution of the claim.
>
>(b) A separate certificate of merit shall be filed as to each licensed professional against whom a claim is asserted.

Pa.R.Civ.P. 1042.3.  A "licensed professional" includes, *inter alia*, "any person who is licensed pursuant to an Act of Assembly as ... a **health care provider** as defined by Section 503 of the Medical Care Availability and Reduction of Error (MCARE) Act, 40 P.S. § 1303.503 ..."  Pa.R.Civ.P. 1042.1 (emphasis added).  A "health care provider," in turn, is defined as follows:

>A primary health care center, a personal care home ..., or **a person, including a corporation**, university or other educational institution licensed or approved by the Commonwealth to provide health care or professional medical services as **a physician**, a certified nurse midwife, a podiatrist, **hospital**, nursing home, birth center, and an officer, employee or agent of any of them acting in the course and scope of employment.

40 P.S. § 1303.503 (emphasis added).

"In Pennsylvania ... the prothonotary enters a judgment of non pros against a plaintiff when the certificate of merit is not filed within the required period of time."  *Scaramuzza v. Sciolla*, 345 F. Supp. 2d 508, 510-11 (E.D. Pa. 2004) (citation omitted).  "Unlike dismissal with prejudice, the entry of judgment non pros is a default judgment that does not bar the plaintiff from commencing another suit upon the same cause of action."  *Id.*[2]

In two well-reasoned opinions, another member of this Court concluded that Rule 1042.3 should be applied as substantive state law in diversity actions, and that the Rule applies retroactively, *i.e*, to claims which arose prior to the Pennsylvania Supreme Court's enactment of the Rule on January 27, 2003.  *Velazquez v. UPMC Bedford Memorial Hosp.*, 338 F. Supp. 2d 609 (W.D. Pa. 2004); *Velazquez v. UPMC Bedford Memorial Hosp.*, 328 F. Supp. 2d 549 (W.D.

---

[2] The *Scaramuzza* court also observed that "the Pennsylvania Rules of Civil Procedure expressly provide a mechanism for relief from a judgment of non pros in the form of Rule 3051 ..., which is similar to relief from default under Rule 55(c), F.R. Civ. P.," and that "[a]lthough such relief is not automatically granted upon application of the plaintiff, but requires the exercise of discretion by a judge, the availability of relief suggests that dismissal with prejudice is improper merely because a plaintiff fails to provide a certificate of merit within the designated sixty days."  *Scaramuzza*, 345 F. Supp. 2d at 511.

Pa. 2004); *see also Chamberlain v. Giampapa*, 210 F.3d 154, 158-161 (3d Cir. 2000) (approving application of substantially similar New Jersey "affidavit of merit" statute as substantive law in diversity action).[3] The Court finds the reasoning of the *Velazquez* court to be persuasive, and likewise finds and rules that Rule 1042.3 should be applied as substantive state law to claims which arose prior to the enactment of the Rule on January 27, 2003.[4] Thus, unless Iwanejko is not required to file a certificate of merit, or his failure to do so is otherwise excused, the Court must dismiss his claims against WPIC and Dr. Bernstein.

Iwanejko contends that the "certificate of merit" defense has been waived because neither WPIC nor Dr. Bernstein raised the issue in their motions to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6). Federal Rule of Civil Procedure 12(g) provides, in relevant part, that "[i]f a party makes a motion under [Rule 12] but omits therefrom any defense or objection then available to the party which this rule permits to be raised by motion, the party shall not thereafter make a motion based on the defense or objection so omitted ..." Fed.R.Civ.P. 12(g). The Court finds and rules that the defense of failure to file a certificate of merit is not waived by failing to raise the issue in a Rule 12(b) motion. Rule 12(g) does not reference the

---

[3] A federal court sitting in diversity must apply the substantive law as decided by the state's highest court. *Travelers Indem. Co. of Illinois v. DiBartolo*, 131 F.3d 343, 348 (3d Cir. 1997) (citation omitted). When the Pennsylvania Supreme Court has not directly addressed the issue before the Court, the Court must predict how the Pennsylvania Supreme Court would resolve the issue. *DiBartolo*, 131 F.3d at 348 (citation omitted). Applicable decisions of the Superior Court are to be accorded significant weight. *Id*. Moreover, carefully considered *dicta* from the Pennsylvania Supreme Court may also inform the Court's prediction. *Id*.

[4] Plaintiff contends that the statute should not be applied retroactively, and relies on *Velazquez v. UPMC Bedford Memorial Hosp.*, 328 F. Supp. 2d 549 (W.D. Pa. 2004) to support his argument. In the *Velazquez* case, Judge Gibson initially held that the statute did not apply retroactively. *Velazquez*, 328 F. Supp. 2d at 565-66. However, on reconsideration, and with the benefit of additional relevant evidence, Judge Gibson determined that the statute *was* intended to apply retroactively. *Velazquez*, 338 F. Supp. 2d at 612-13. The Court finds Judge Gibson's later analysis to be persuasive. The Court also observes that Iwanejko does not contend that either the federal or Pennsylvania *ex post facto* clause bars retroactive application of the statute.

"certificate of merit" defense or anything analogous to it, and Plaintiff has cited no authority for the proposition that the "certificate of merit" defense is waived if not raised in a Rule 12(b) motion. Moreover, in terms of timing, the "certificate of merit" defense will usually accrue after a Rule 12(b) motion must be filed. *See* Pa.R.Civ.P. 1042.3 (certificate of merit must be filed within sixty days after the filing of the complaint, or later if an extension of time is granted); *compare* Fed.R.Civ.P. 12(a)(1)(A) (motion to dismiss must be filed "within 20 days after being served with the summons and complaint, or if service of the summons has been timely waived ..., within 60 days after the date when the request for waiver was sent ...").

The Court likewise rejects Iwanejko's contention that no certificate of merit must be filed against Dr. Bernstein because his professional corporation (*i.e.*, Lawson Bernstein, M.D., *P.C.*) is technically the defendant, and against WPIC because it is a hospital. The rule applies to claims against "licensed professionals," which includes any person licensed as a "health care provider," which in turn includes physicians and hospitals. Pa.R.Civ.P. 1042.1 & 1042.3; 40 P.S. § 1303.503. If Rule 1042.3 were interpreted as inapplicable to actions against doctors who practice as professional corporations (or as any other business entity) and hospitals, the exception would swallow the rule and vitiate the protections it was intended to afford. The Court cannot countenance such a result. *See Yee v. Roberts*, 878 A.2d 906, 914 (Pa. Super. 2005) (rejecting argument that a certificate of merit need not be filed against professional partnership and rejecting as *obiter dicta* statement in earlier Superior Court opinion that no certificate of merit need be filed for allegations against a hospital or other corporate entity"[5]).

The Court has also considered, but does not accept, Iwanejko's contention that Rule 1042.3 does not apply to the instant situation because his claims are based on an alleged violation of "legal rights," *i.e.* rights created by the MHPA, as opposed to a standard claim of medical malpractice. The Court recognizes that this is not an "ordinary" medical malpractice claim, *i.e.*, a

---

[5] *See Olshan v. Tenet Health System*, 849 A.2d 1214, 1218 (Pa. Super. 2004), *appeal denied*, 864 A.2d 530 (2004) (stating that "no such certificate is required for allegations against the hospital or other corporate entity.").

circumstance in which allegedly substandard medical treatment caused or exacerbated a bodily injury. However, Rule 1042.3 applies to violations or breaches of "an acceptable professional standard." This language is fairly broad and does not indicate that the Rule was intended to apply exclusively to claims involving bodily injury. The Court has reviewed the pertinent sections of the MHPA upon which Iwanejko ostensibly bases his claims, and finds that such laws establish "acceptable professional standard[s]" within the meaning of Rule 1042.3. Finally, the Court has found no case law which supports the proposition that Rule 1042.3 applies only to allegations of bodily injury resulting from substandard medical treatment.[6]

      Plaintiff's final argument is essentially that "a confirmation of any medical malpractice directly arising from Bernstein's involvement in this case" was only recently produced, and therefore he should be permitted additional time in which to file a certificate of merit. Pltf's Br. in Opp. to Bernstein's Mot. at 4-6. The Court must also reject this argument. Plaintiff's Amended Complaint, in which the claim of negligence *per se* was added, was filed on February 13, 2004. *See* Document No. 3. The period within which the certificate of merit or request for extension of time must be filed commences when a claim to which the Rule applies is first asserted. *See Yee*, 878 A.2d at 910 (*citing Hoover v. Davila*, 862 A.2d 591, 594 (Pa. Super. 2004)). Plaintiff has had well over a year and a half within which to file a certificate of merit, and the basic allegations of his claims of negligence *per se* have not changed during that time period.[7] Therefore, Plaintiff's allegation that he just discovered some evidence which confirms his claims of negligence *per se* does not excuse his failure to file a certificate of merit or his failure to move for an extension of time within which to do so.

---

[6] Additionally, Iwanejko's argument that Rule 1042.3 does not apply because Dr. Bernstein was never his "treating physician" is not supported by the language of the rule or case law.

[7] Plaintiff continues his questionable practice of moving for relief in footnotes. *See* Pltf's Br. in Opp. to WPIC's Mot. at 8 n.5. To seek relief in such a manner is not contemplated by the Federal Rules of Civil Procedure, and the Court will not address a request which has not been filed as a formal motion.

<u>Conclusion</u>

    For the reasons hereinabove stated, the Court will grant the Motions to Dismiss for Non Pros filed by defendants WPIC and Dr. Bernstein.  An appropriate Order follows.

                                                McVerry, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GERALD J. IWANEJKO, JR., GERALD J. IWANEJKO, SR., and PATRICIA IWANEJKO, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) )   2:03cv1855 |
| COHEN & GRIGSBY, P.C., THE CITY OF PITTSBURGH, PA., PITTSBURGH POLICE OFFICERS JAMES L. AKER, DONALD SAVKO AND JOSEPH NICHOLAS, WESTERN PSYCHIATRIC INSTITUTE AND CLINIC, and DR. LAWSON BERNSTEIN, M.D., P.C., | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## ORDER OF COURT

AND NOW, this 30th day of November, 2005, in accordance with the foregoing Memorandum Opinion it is hereby **ORDERED, ADJUDGED and DECREED** as follows:

1) The Motion to Dismiss for Non Pros (*Document No. 95*) filed by defendant Western Psychiatric Institute and Clinic is **GRANTED**;

2) Plaintiff's claim against defendant Western Psychiatric Institute and Clinic for a violation of the Pennsylvania Mental Health Procedures Act is **DISMISSED**;

3) The Motion to Dismiss for Non Pros (*Document No. 106*) filed by defendant Lawson Bernstein, M.D., P.C. is **GRANTED**; and

4) Plaintiff's claim against defendant Lawson Bernstein, M.D., P.C. for a violation of the Pennsylvania Mental Health Procedures Act is **DISMISSED**.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc: Gerald Joseph Iwanejko, Jr., Esquire
Email: giwanejko@earthlink.net

Edward A. Yurcon, Esquire
Email: edyurcon@ambylaw.com

Jamie L. Hudson, Esquire
Email: jhudson@ambylaw.com

J. Matthew Horgan, Esquire
Email: jhorgan@dmclaw.com

Jason M. Logue, Esquire
Email: jlogue@dmclaw.com

Joseph S.D. Christof, II, Esquire
Email: jchristof@dmclaw.com

Bryan Campbell, Esquire
Email: bryancmpbl@yahoo.com

Jacqueline R. Morrow, Esquire
Email: jacqueline.morrow@city.pittsburgh.pa.us

Matthew F. Dolfi, Esquire
Email: matthew.dolfi@city.pittsburgh.pa.us

Susan E. Malie, Esquire
Email: susan.malie@city.pittsburgh.pa.us

Tyler J. Smith, Esquire
Email: TJS1@PBandG.com

John A. Bass, Esquire
Email: GGPCdocketing@grogangraffam.com